# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BERNARD BOWMAN,                    :
                                   :
            Plaintiff,             :        K17C-01-015 JJC
                                   :        In and for Kent County
        v.                         :
                                   :
MICHAEL DOBRASKI,                  :
                                   :
            Defendant.             :

## ORDER

Submitted: June 29, 2018
Decided: July 17, 2018

On this 17th day of July, 2018, A.D., having considered Defendant Michael Dobraski's (hereinafter "Mr. Dobraski's") Motion for Costs pursuant to Superior Court Criminal Rules 54, 68, and 10 *Del. C.* § 8906, and Plaintiff Bernard Bowman's (hereinafter "Mr. Bowman's") response, it appears to the Court that:

1. On June 13, 2018, a Kent County jury returned a verdict in favor of Mr. Dobraski after a three day trial. The jury found that Mr. Dobraski was not negligent. Prior to trial, on May 8, 2018, Mr. Bowman did not accept Mr. Dobraski's $1,000 Superior Court Civil Rule 68 (hereinafter "Rule 68") offer of judgment. Thereafter, on May 24, 2018, Mr. Bowman also did not accept a second offer of judgment for $5,000.

2. Here, Mr. Dobraski seeks recovery of costs incurred after his first offer of judgment as would be permitted if Rule 68's consequences applied. Specifically, Mr. Dobraski seeks File and Serve fees incurred after that date in the amount of $57.66. He also seeks liability expert fees in the amount of $3,457.50, of which $2,500 were incurred for time spent during the expert's trial testimony, his time

waiting to testify, and his time spent traveling to and from Court. The balance of the expert fees sought include the expert's preparatory time after the first offer of judgment but prior to trial.

3. Mr. Bowman argues that Rule 68 does not apply because Mr. Bowman received *no judgment*, as opposed to some dollar amount that was less than $5,000. In support, Mr. Bowman cites the Superior Court decision *McKinney v. Brandywine Court Condominium Council, Inc.*[1]

4. Mr. Bowman is correct. The Delaware Supreme Court held in *Hercules, Inc. v. AIU Ins. Co.*[2] that a defense verdict does not trigger an award of Rule 68 costs. In *Hercules*, the Court held for purposes of Rule 68 that when a defendant makes an offer of judgment and the plaintiff "obtains *no* judgment from the defendant seeking costs (i.e. judgment is for the defendant), Rule 68's cost recovery mechanism does not apply."[3]

5. Mr. Dobraski, however, is due trial costs pursuant to Superior Court Civil Rule 54 (hereinafter "Rule 54") and 10 *Del. C.* § 8906. Under those mechanisms, expert preparatory time is not awardable. Accordingly, the $957.50 billed by Mr. Dobraski's liability expert for file review, video review, and trial preparation are not recoverable pursuant to Rule 54 or the statute it incorporates. The Court finds, however, that the $2,500 incurred for his trial testimony, travel over two separate days, and time spent waiting to testify were reasonable and should be included as costs. Furthermore, Mr. Dobraski's File and Serve fees of $57.66 are also recoverable costs. This Court finds the Court of Chancery decision in *Dewey Beach Lions Club v. Longacre*[4] to be persuasive. In that case, the Court of Chancery held

---

[1] 2004 WL 2191033 (Del. Super. Ct. Aug. 12, 2004).
[2] 784 A.2d 481 (Del. 2001).
[3] *Id.* at 509 (emphasis added).
[4] 2006 WL 2987053 (Del. Ch. Oct. 11, 2006).

that Lexis Nexis File and Serve fees are recoverable as costs by the prevailing party under that Court's Rule 54.[5] There is no relevant difference between the Court of Chancery's rule and the Superior Court's rule. Recovery of such fees are awardable in Superior Court as well.

WHEREFORE, after considering Defendant's motion for costs, and the Plaintiff's response, it is ordered that final judgment is hereby entered on behalf of Defendant Michael Dobraski, together with costs in the amount of $2,557.66 being awarded to Defendant and against Plaintiff Bernard Bowman.

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Judge

---

[5] *Id.* at *1.